IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| THE ENGY GROUP, LLC | § | Case No. 17-34848 |
|     Debtor | § | |
| | § | |
| SOUTHWEST CONTAINER PRODUCTS, LLC | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 17-_____ |
| | § | |
| FRANCOIS-STANISLAS BELLON, | § | |
|     Defendant. | § | |

## COMPLAINT

Southwest Container Products, LLC ("SWC" or "Plaintiff") files this Complaint against Defendant Francois-Stanislas Bellon ("Bellon"), and alleges as follows:

## I.
## INTRODUCTION

1. SWC is the assignee and current owner and holder of a $3.7 million note (the "Engy Note") owed by the Engy Group, LLC ("Engy" or "Debtor"), and a $3 million note owed by a subsidiary of Engy (together, as defined more fully below, the "Notes"). The Notes matured on July 17, 2017. The borrowers failed to pay the Notes, and the Notes went into default. Bellon personally guaranteed the Notes, and pledged his 100% ownership interest in the Debtor as collateral to secure the Notes (the "Equity Interests"). Pursuant to agreement of the parties, upon the occurrence of an event of default under the Notes, SWC became entitled to control and vote the Equity Interests. On July 24, 2017, SWC provided notice of default and notice that it was exercising its right to control the Equity Interests, as well as notice that Bellon was being removed as sole manager of the Debtor (an LLC), and that Matt Orban ("Orban") was

4144173.2

being appointed in his stead. Under the operating agreement of Debtor, Orban thus has the authority to manage and control Debtor.

2. The agreements executed by and between Bellon and SWC (as successor to Kurt Orban Partners, LLC) are clear, and gave SWC the right to control and vote the Equity Interests, and therefore take control of Debtor, in the event of a default on the Notes. However, Bellon refuses to relinquish control of Debtor (going as far as to authorize the filing of the Debtor's chapter 11 case without authority). Bellon continues to represent to banks, vendors and third parties that he is still in control of the Debtor, even though Orban is the duly appointed sole manager of the Debtor, with the right to manage and control the Debtor, unless and until the default on the Notes is cured.

3. On July 31, 2017, SWC sent a notice of disposition of the collateral (the Equity Interests), setting a non-judicial foreclosure sale of the Equity Interests for August 14, 2017. It appears Bellon took the unauthorized action to file this chapter 11 case for his own personal interests, in an attempt to delay or avoid the foreclosure of the Equity Interests, and as a shield to claim he is in control of Debtor. Indeed, Bellon has demanded that Orban and SWC cease and desist from managing the Debtor, from talking to the Debtor's employees, or from even entering the Debtor's premises. When SWC refused to pull down the foreclosure notice, Bellon filed for chapter 11 on the morning of August 14, 2017, thus automatically staying the foreclosure.

4. Every day Bellon purports to remain in control of the Debtor, he is acting illegally and without authority, and SWC and the Debtor will suffer immediate and irreparable harm. Bellon has no right to manage or control the Debtor, nor does he have any right to take any action with respect to or on behalf of the Debtor.

## II.
## JURISDICTION AND VENUE

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 2201.

6. Venue of this adversary proceeding is proper under 28 U.S.C. § 1409.

7. This adversary proceeding presents a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

8. Pursuant to Bankruptcy Local Rule 7008-1, SWC consents to the entry of final orders or judgment by this Court in this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## III.
## BACKGROUND

### A. The Engy Group and its Affiliates

6. The Debtor has its principal place of business in Houston, Texas and is a manufacturer of steel drums used in various industries. Bellon was the sole member and manager of the Debtor immediately prior to the time SWC removed Bellon and took control of the Debtor. The Debtor is the parent company of several subsidiaries including Texas Engy Drums LLC ("Texas Engy Drums"), Engy Southwest Container Products Inc. ("Engy Southwest"), Engy Industrial Properties LP ("Engy Industrial"), Engy Belvoir Ventures LLC ("Engy Belvoir"), ENGY Belvoir Healthcare, LLC ("ENGY Healthcare"), and Belvoir Real Estate Group LLC ("Belvoir Real Estate," and collectively with Texas Engy Drums, Engy Southwest, Engy Industrial an Engy Belvoir, the "Engy Group").

**B. The Note and Security Agreement**

7.  On or about April 19, 2017, Debtor executed a promissory note in favor of Kurt Orban Partners, LLC ("KOP") in the principal amount of $3,700,000 (the "Debtor Note"). In addition, Debtor's subsidiary, Engy Belvoir, executed a promissory note in the principal amount of $3,000,000 (the "Belvoir Note"). As security for the Notes, the Debtor simultaneously executed a Security and Pledge Agreement (the "Engy Security Agreement").

8.  As further credit support for the Notes, Bellon executed (i) a Guaranty Agreement (the "Bellon Guaranty") and (ii) a Pledge and Security Agreement (the "Bellon Pledge Agreement"), in each case for the benefit of the payee on the Notes. The Bellon Guaranty guaranteed the indebtedness, liabilities and other obligations of the Debtor.

9.  The Bellon Pledge Agreement pledges, among other things, all of Bellon's right, title and membership interest in the Debtor to KOP. In addition, Bellon and Debtor executed a Notice of Pledge and Security Agreement (the "Notice of Pledge and Security Agreement") directed to the Debtor.

10. Included in the Notice of Pledge and Security Agreement is the Debtor's acknowledgment of Bellon's assignment of his ownership in the Debtor to KOP. On July 18, 2017, KOP assigned all of its right, title and interest in the Notes to SWC.

**C. SWC's Rights Under the Notice of Pledge and Security Agreement**

11. As discussed *supra*, Bellon was the sole member and manager of the Debtor. Bellon's membership interests were uncertificated.

12. Pursuant to the Notice of Pledge and Security Agreement, Bellon granted to SWC the following rights upon an Event of Default:

> Pursuant to, and in accordance with, the Pledge and Security Agreement, the Company is hereby authorized and directed by the Pledgor to (a) register on the Company's books the Pledgor's pledge, assignment and grant to the Secured Party of the Pledgor's membership interests in the Company, (b) upon notice from the Secured Party (i) that *an Event of Default* (as defined in the Pledge and Security Agreement) has occurred and is continuing and (ii) directing the Company to do so, make direct payment to the Secured Party of any amounts then or thereafter due to the Pledgor under the Operating Agreement, which payment shall be made to an account designated in writing by the Secured Party, and (c) *permit the Secured Party to exercise (to the exclusion of the Pledgor) the voting power and all other incidental rights of ownership with respect to the Pledgor's membership interests in the Company in accordance with the terms of the Pledge and Security Agreement* . . . .

13. Contemporaneously with Bellon's direction pursuant to the Notice of Pledge and Security Agreement, the Debtor acknowledged its obligation to perform pursuant to Bellon's express directions.

14. Accordingly, Bellon expressly and unambiguously granted SWC the right, upon an Event of Default, to exercise all voting and other rights pertaining to Bellon's membership interests in the Debtor to the exclusion of Bellon.

**D. SWC's Exercise of Rights**

15. The Debtor Note and the Belvoir Note were due and payable on July 19, 2017. No payments were made on or before July 19, 2017, and to date no payments have been made on the Debtor Note or the Belvoir Note. On July 24, 2017, SWC sent a notice of default (the "Notice of Default") to the Debtor informing it that an Event of Default under Section 5.2 of the Debtor Note had occurred. On July 24, 2017, SWC exercised its voting rights in the membership interests of the Debtor. On July 24, 2017, SWC sent a notice to the Debtor, Bellon, and counsel informing them SWC had exercised its voting rights and removed Bellon as manager of the Debtor and replaced him with Orban (the "Notice of Control Letter").

16. Pursuant to Section 12.9 of the Engy Group's Amended and Restated Company Agreement (the "LLC Agreement"), a majority-in-interest of the members of the Debtor may

take action by written consent. Action by unanimous consent has the same force and effect as a vote of the members in a duly called meeting. No prior notice is required. Immediately prior to SWC voting Bellon's interest, he was the (100%) member and manager of the Debtor. Thus, upon voting Bellon's interests, through unanimous written consent, the actions set forth therein took effect—that is, the removal of Bellon and all other persons as manager of the Debtor and replaced with Orban (the "Written Consent").

17. Accordingly, through the Notice of Control Letter and the Written Consent, SWC properly and validly removed Bellon and replaced him with Orban as the Debtor's manager, two weeks before this Chapter 11 case was filed.

## III.
## CLAIMS FOR RELIEF

**A. Declaratory Judgment that Bellon Guaranty was Breached**

18. SWC incorporates by reference the allegations contained in paragraphs 1 through 17, as if more fully set forth at length herein.

19. SWC is the owner and holder of the Bellon Guaranty.

20. SWC fully performed its contractual obligations.

21. Despite the Default Notice, neither the Debtor nor Bellon cured the Default.

22. The Debtor's failure to repay the outstanding principal under the Notes constitutes a breach of the Bellon Guaranty.

23. SWC is entitled to a declaratory judgment from the Court that Bellon is in breach of the Bellon Guaranty.

24. SWC is aware that Bellon has filed for individual Chapter 11. Thus, as a result of the automatic stay in Bellon's personal case and pending further order of this Court, SWC seeks an only a declaration of breach, and does not seek to collect or enforce any such judgment

against Bellon personally. SWC reserves the right to file a proof of claim in Bellon's individual case, and take such action therein as may be appropriate, for any and all amounts awarded herein.

**B.  Declaratory Judgment that Orban is in Control**

25. SWC repeats and realleges the allegations set forth in paragraphs 1 through 24 above, as if more fully set forth at length herein.

26. As a result of SWC voting the Equity Interests due to the occurrence of an Event of Default under, all as set forth above, Bellon was replaced by Orban as the Debtor's manager on July 24, 2017. On such date, Bellon was divested of any power or authority to manage, control, or otherwise direct the Debtor or its business operations.

27. Due to Bellon being replaced by Orban on July 24, 2017 and the resulting divestiture of power or authority to manage, control or otherwise direct the Debtor or its business operations, Bellon had no authority to direct, authorize or otherwise cause the Debtor to file for chapter 11.

28. SWC is entitled to a declaratory judgment from the Court that (i) Bellon was properly removed as, and is no longer, the manager of the Debtor, (ii) Bellon was properly replaced as manager by Matt Orban effective July 24, 2017, and (iii) Bellon had no authority to direct, authorize or otherwise cause the filing of this Chapter 11 case.

**C.  Attorneys' Fees and Interest**

29. SWC incorporates by reference the allegations contained in paragraphs 1 through 28 as if more fully set forth at length herein.

30. SWC has engaged counsel to prosecute this action and to protect its rights. Consequently, pursuant to the terms of the Bellon Guaranty and Texas Civil Practice &

Remedies Code section 38.0001(8), SWC is entitled to recover from Bellon all reasonable and necessary attorneys' fees incurred in the prosecution of this action.

31. In addition, SWC seeks pre-judgment and post-judgment interest as allowed by law.

32. SWC is aware that Bellon has filed for individual Chapter 11. Thus, as a result of the automatic stay in Bellon's personal case and pending further order of this Court, SWC seeks an only award of attorney's fees and interest, and does not seek to collect or enforce any such judgment against Bellon personally. SWC reserves the right to file a proof of claim in Bellon's individual case, and take such action therein as may be appropriate, for any and all amounts awarded herein.

## V.
## CONDITIONS PRECEDENT

33. SWC has satisfied all conditions precedent for bringing this action.

## VI.
## PRAYER

WHEREFORE, SWC respectfully prays that the Court:

(A) Enter a declaratory judgment for SWC, declaring that (i) Bellen is in breach of the Bellen Guaranty, (ii) Bellon was properly removed as, and is no longer, the manager of the Debtor, (iii) Bellon was properly replaced as manager by Matt Orban effective July 24, 2017, and (iv) Bellon had no authority to direct, authorize or otherwise cause the filing of this Chapter 11 case;

(B) Actual Damages;

(C) Enter an Order regarding SWC's injunction relief; and

(D) Enter judgment in favor of SWC granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 15th day of August, 2017.

**GRAY REED & McGRAW LLP**

By: */s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
    D. Scott Funk
    Texas Bar No. 07550900
    Preston T. Kamin
    Texas Bar No. 24062817
    Alexis W. Foster
    Texas Bar No. 24072503
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email:    jbrookner@grayreed.com
          sfunk@grayreed.com
          pkamin@grayreed.com
          afoster@grayreed.com

-And-

    Lydia R. Webb
    Texas Bar No. 24083758
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email:    lwebb@grayreed.com

**COUNSEL TO SOUTHWEST CONTAINER PRODUCTS, LLC**